IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DANNY WRIGHT                                                                      PLAINTIFF

v.                                                                         No. 4:07CV114-P-A

EARNEST KING                                                                     DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Danny Wright, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

The plaintiff is housed in Unit 32-D at the Mississippi State Penitentiary. On March 10, 2007, Lt. Earnest King was escorting the plaintiff to his pen in the exercise yard. The plaintiff told Lt. King to stop harassing him. King answered that he was not harassing the plaintiff – just doing his job. The plaintiff entered the exercise pen, and King removed one bracelet of the plaintiff's handcuffs. Then the plaintiff backed into the pen with the cuffs secured to one wrist. King ordered the plaintiff to give him the cuffs. The plaintiff refused because he wanted to speak with the Watch Commander about his friction with Lt. King. The plaintiff challenged King, stating, "If you want the cuffs, you can unlock the cage and come in to get them."

The plaintiff believed that his refusal would force Lt. King to call in the takedown team and summon the Watch Commander. The plaintiff was wrong. Instead, Lt. King retrieved the

less-than-lethal-force weapon (which shoots pellets) from Officer Chorn – then shot the plaintiff in the midsection – causing bruises on the plaintiff's arm, hand, and leg. Other officers on the exercise yard told the plaintiff to surrender the cuffs, but the plaintiff refused. Then Lt. King sprayed the plaintiff with mace. Finally, the plaintiff permitted another officer to cuff him. The plaintiff was taken to his cell, where an Emergency Medical Technician checked his breathing because of the use of mace. The plaintiff was next taken to the hospital for examination because of the use of the less-than-lethal-force weapon.

**Excessive Force**

This case presents the court with a claim that a prison official used excessive force against a prisoner in violation of the Eighth Amendment. To establish liability on the part of defendants in this case, the plaintiff must prove that the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993).

In this case, the plaintiff refused to obey Lt. King's lawful. He pulled away from King – then challenged him to enter the pen and take the handcuffs away. Lt. King then used the two non-lethal means at his disposal to gain the plaintiff's compliance – and thus restore order. The plaintiff was taken back to his cell, examined, and then taken the same day to the prison hospital for examination. The court thus finds that Lt. King's actions were not taken maliciously or sadistically to cause harm; instead they were a good-faith effort to restore discipline in the face of the disruption the plaintiff intentionally caused. In addition, allegations of excessive force

involving only *de minimis* injury do not rise to the level of a constitutional claim. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore bruised ear lasting for three days is *de minimis* injury). In this case, the plaintiff's injuries – bruises from the pellets fired from the less-than-lethal-force gun – are *de minimis*. *Id.* As such, all of the plaintiff's claims against the defendants shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 25th day of July, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE